

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
**ENTERED**
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed December 13, 2023

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. **23-31976-SGJ** |
| | § | |
| **DAVID MICHAEL WETHY** | § | CHAPTER 13 |
| | § | |
| DEBTOR | § | STACEY G. C. JERNIGAN |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT PERTAINING TO SHOW CAUSE ORDER DIRECTED AT MULTIPLE-FILING CHAPTER 13 DEBTOR

On November 1, 2023, the Court called for hearing the Show Cause Order entered on October 25, 2023, Doc #39.

Thomas D. Powers, Chapter 13 Trustee ("Trustee") appeared. Attorney Manolo Santiago appeared for the Debtor's landlord, Zachery Warren. Daniel Wethy, the Chapter 13 Debtor, representing himself, also appeared.

Three witnesses testified: Carlos Gutierrez (an immigrant that the Debtor harmed); Zachery Warren (the aforementioned current landlord of the Debtor); and Marcus Leinart (an attorney the Debtor essentially threatened), by WebEx.

1

After hearing testimony, admitting documentary evidence, and considering arguments for the Trustee and David Wethy, the Court makes the following Findings of Fact and Conclusion of Law.

**FINDINGS OF FACT**

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:

1. David Wethy has filed four prior Chapter 13 proceedings as listed below.

    a.) Case No. **12-31907-SGJ-13** was filed on March 29, 2012, and dismissed prior to confirmation on May 31, 2012, for failure to make the first payment to the Trustee. David Wethy proceeded pro se in this case.[1]

    b.) Case No. **12-36021-BJH-13** was filed on September 19, 2012, and dismissed pursuant to an Agreed Order entered December 11, 2012, on the Trustee's Motion to Convert Case to a Chapter 7 and in the Alternative Dismiss the Case with Prejudice for Five Years. David Wethy failed to pay the filing fee in full in this case. David Wethy proceeded pro se in this case.[2]

    In this particular case, David Wethy listed ten residences in which he owned an interest.[3] Statement of Financial Affairs ("SOFA"), Question 4, and scheduled total assets exceeding $1,000,000.[4] David Wethy acquired an interest in the homes from the owners when the residences were in foreclosure.[5] David Wethy filed frivolous responses to the Motion for Relief from Stay filed in Case 12-36021.[6] Case No. 12-36021 was dismissed with prejudice for three years.[7]

    c.) Case No. **18-42244-RFN-13** was filed on June 5, 2018, and dismissed prior to confirmation with prejudice for 180 days on July 9, 2018, for failure to pay $260 of the filing fee.

---

[1] Trustee Exhibits 1 and 2.
[2] Trustee Exhibits 3 and 5.
3 Trustee Exhibit 5.
[4] Trustee Exhibit 3.
[5] Transcript of November 1, 2023, Show Cause hearing; 22:23 – 23:13.
[6] Trustee Exhibit 6.
[7] Transcript of November 1,2023, Show Cause hearing; 25:5 – 26:7.

2

David Wethy proceeded pro se in this case.[8]

        d.) Case No. **22-41396-MXM-13** was filed on June 23, 2022, and dismissed prior to confirmation on November 22, 2019, for failure to pay $268 of the filing fee. The case was filed to stop an eviction filed by Carlos Gutierrez.[9] David Wethy proceeded pro se in this matter.[10] A few months before this particular bankruptcy was filed, Carlos Gutierrez, a Mexican immigrant to the United States, on January 7, 2022, purchased the home at 2106 Pinwood Circle, Arlington, Texas ("Pinwood Home"), from a trust (Windstorm South Esquire) in which David Wethy owned a 50% interest. Following the closing of the sale, David Wethy refused to move out of the Pinwood Home claiming various excuses including: the home in which he was scheduled to move was not ready, he had not received the purchase money from the title company with regard to the sale of the Pinwood Home, the person living in the house into which he was scheduled to move had COVID, and then that person died in the home.[11] David Wethy agreed to pay rent on the Pinwood Home until he moved and gave Mr. Gutierrez $2,000 cash and later a postdated check in the amount of $2,000. The check failed to clear because the bank account had been closed.[12]

2.    David Wethy filed frivolous pleadings in an eviction suit brought by Carlos Guitierrez, removed the eviction to federal court, appealed the eventual eviction judgment to county court, and filed bankruptcy to forestall his eviction from the Pinwood Home.[13]

3.    Mr. Gutierrez, during the time David Wethy occupied the Pinwood Home, had to pay the mortgage ($3,300.00/month) on the Pinwood Home, the rent on the new residence where he was living ($2,250.00/month), and $21,000.00 in attorneys' fees for a total exceeding $31,000.00. Mr.

---

[8] Trustee Exhibits 7 and 8.
[9] Trustee Exhibit 9.
[10] Trustee Exhibits 9 and 10.
[11] Transcript of November 1, 2023, Show Cause hearing; 55:16 – 56:19.
[12] Transcript of November 1, 2023, Show Cause hearing; 56:2–57:21.
[13] Transcript of November 1, 2023, Show Cause hearing; 44:17 – 47:18

Gutierrez is not a wealthy individual and had to borrow money from his employer to keep from losing the Pinwood Home. David Wethy has not repaid Mr. Guitierrez.[14]

4.  David Wethy filed the current case on September 5, 2023. David Wethy did not file his schedules and required documents and this case was dismissed on October 5, 2023. The case was reinstated on October 24, 2023, Doc. 38.

5.  David Wethy leased a property at 1007 Lady Bird Street, Ennis Texas ("Lady Bird Property") on July 1, 2023, from Zachery Warren.[15] He gave a $500 cash deposit but never paid rent on the Lady Bird Property. An eviction trial was set for September 6, 2023, and David Wethy once again filed bankruptcy to stop the eviction. Similar to the situation with Mr. Guitierrez, David Werthy gave Mr. Warren a $3,200 check which never cleared, and he never made a rent payment. He again used numerous excuses for his failure to pay rent and to move from the Lady Bird Property: he was a few dollars short in his account when his $3,200 check was returned, his paycheck was torn and he could not deposit it, he could not get off work to deposit his employer check and get certified funds, and—here's an interesting one—he tried buying options on the stock market to double his money and lost all his money. Zachery Warren filed a motion to evict David Wethy. The eviction hearing date was September 6, 2023, and David Wethy filed this bankruptcy on September 5, 2023.[16]

6.  Mr. Warren and his wife are not wealthy; they are both employed. David Wethy has cost Mr. Warren more than $15,000 in mortgage payments that were to be made from the rent and attorney fees.[17]

7.  David Wethy has filed frivolous pleadings in multiple lawsuits, all related to either evictions

---

[14] Transcript of November 1, 2023, Show Cause hearing; 61:22 – 63:2.
[15] Trustee Exhibit 22.
[16] Transcript of November 1, 2023, Show Cause hearing; 75:14 – 81:20, Trustee exhibit 23.
[17] Transcript of November 1, 2023, Show Cause hearing, 80:22-25.

4

from property he is leasing or foreclosures of property in which he claims an interest, or through a trust of which he is the beneficiary. In many of the lawsuits a filing fee was not paid.

    a) David Wethy v. Hughes Watters & Askanase, LLP., Mortgage Electronic registration Systems, Inc. Bank of America, Shelly Ortonali, Katy Hubner, American Homes 4 rent Properties, Case No. 3-13-CV-2554-G.[18] $400 in fees not paid.

    b) 4405 Bay Valley Family Trust & David M. Wethy as Trustee v. Shelley Ortolani, U.S. Bank, NA, Chase, Mortgage Electronic Registration Systems Inc., Mortgage Resource Group, LLC, Thomas E. Black, Jr., Case No. 3-13-CV-05936-M.[19] $350 in fees not paid.

    c) Carlos Edwin Gutierrez Mora v. David Wethy, Individually, and as Trustee, Windstorm South Esq. 061120192106 Pinwood Cir Trust, 4:22-cv-479-O-BP.[20] $402 in fees not paid.

8. David Wethy paid the filing fee in full in this case only after the Court entered its Show Cause Order.

9. Marcus Leinart is an attorney who represented an individual named Betty Ortiz in Case No. 15-40515. The bankruptcy case was filed to stop a foreclosure, scheduled for February 2, 2015, of Betty Ortiz's home. David Wethy ultimately asserted he owned an interest in Betty Ortiz's home.[21]

10. David Wethy, apparently with Betty Ortiz's permission, had in-person conversations, phone conversations and emails with Mr. Leinart. David Wethy advised Mr. Leinart how he should proceed in handling Ms. Ortiz's case and demanded Mr. Leinart file a complaint objecting to the standing of the mortgage lender to bring a motion for relief from the automatic stay. He told Mr. Leinart if he did not do as instructed, he would have a grievance and lawsuit filed against him. David Wethy told Mr. Leinart he was "the pro se from hell" and that he filed grievances and lawsuits because they work. David Wethy subsequently authored, on behalf of Ms. Ortiz, a grievance and lawsuit against Mr.

---

[18] Trustee Exhibits 12 and 13.
[19] Trustee's Exhibits 16 and 17.
[20] Trustee Exhibits 24 and 25.
[21] Transcript of November 1, 2023, Show Cause hearing; 34:18-20.

5

Leinart.[22]

11. The Court notes that David Wethy, when given the opportunity to cross examine Mr. Leinart, only questioned whether emails were sent. He did not question any of Mr. Leinart's testimony concerning conversations, demands, grievances or lawsuits and in fact said "…that's the only thing that I had an issue because I don't recall sending him an email."[23]

12. When asked if he authored the following pleadings filed in the name of Betty Ortiz, David Wethy replied, "I don't recall."[24]:

    a) Motion for Sanctions Against Attorney, Marcus Leinart.[25]

    b) Objection for Attorney, Marcus Leinart, Motion to Withdraw as Debtor's Attorney,[26] and

    c) Motion for Reconsideration and Motion to Recuse Judge.[27]

13. David Wethy claims he is exempt from filing income tax returns because there is no "contract" saying he has to file. He could not recall when he last filed an income tax return.[28]

14. When asked questions, David Wethy responded more than fifty times that he did not recall or could not remember. The court finds that David Wethy claimed a lack of recall to avoid admitting to his unethical conduct and misdeeds. David Wethy was not a credible witness.

15. David Wethy, for more than ten years, has filed lawsuits and bankruptcies with no intention of paying filing fees or Chapter 13 plan payments or repaying his creditors.

16. David Wethy has damaged Mr. Gutierrez in amount greater than $31,000.

---

[22] Transcript of November 1, 2023, Show Cause hearing; 69:17 – 71:9.
[23] Transcript of November 1, 2023, Show Cause hearing; 71:19 – 72:8.
[24] Transcript of November 1, 2023, Show Cause hearing; 39:1 – 40:10.
[25] Trustee Exhibit 19.
[26] Trustee Exhibit 20.
[27] Trustee Exhibit 21.
[28] Transcript of November 1, 2023, Show Cause hearing; 16:23 – 18:9.

17.     David Wethy has damaged Mr. Warren in an amount greater than $15,000.

## CONCLUSIONS OF LAW

THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

18.     This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C § 157(b).

19.     Section 105 of the Bankruptcy Code authorizes the Court to take any necessary action to carry out the provisions of the Bankruptcy Code. Section 1307 authorizes the Court to dismiss a bankruptcy. Section 1307(c) lists nonexclusive grounds for dismissing a bankruptcy. Lack of good faith constitutes grounds for dismissal. *In Re Leavitt,* 171 F3d. 1219 (9th Cir.1999). The *Leavitt* Court found a history of filings and dismissals and whether other egregious behavior was present could be considered in determining good faith. 171 F3d at 1224. David Wethy, for more than 10 years, has been a vexatious litigant, and has used the state court process, the federal court process, and the bankruptcy court process to delay and hinder his creditors. The Court finds this case was not filed in good faith and was not prosecuted in good faith. The Court finds cause exists to dismiss this case.

20.     Section 349(a) provides that when cause exists, bankruptcy courts may dismiss the case with prejudice and bar refiling of subsequent bankruptcies. *In Re Parson* 635 B.R. 613, 626 (Bankr. N.D. Tex. 2021).

21.     David Wethy has acted in bad faith in this bankruptcy case and in every bankruptcy he has filed. Despite the evidence the Trustee introduced, David Wethy, instead of showing remorse, agreeing to cooperate, or somehow explaining himself or his filing pattern, answered questions in this hearing with "I do not recall". David Wethy's answers are not credible and were not made in

good faith. The Court finds David Wethy will continue to abuse the bankruptcy process if he is permitted to continue filing bankruptcies. The Court finds David Wethy's egregious conduct is cause to dismiss the case with prejudice to refiling.

22. The Court finds David Wethy's egregious conduct in this case is cause to dismiss this case with prejudice for **FIVE YEARS.** If David Wethy seeks to file a bankruptcy petition after five years, he must first provide to the Chapter 13 Trustee proof that he has paid in full all of the unpaid filing fees from all of this prior bankruptcy cases ("**Unpaid Filing Fees**").

23. The Court further finds a sanction in the form of a $10,000 judgment against David Wethy and in favor of Zachery Warren is appropriate, to compensate him for his damages caused by this current bankruptcy case.

Where appropriate, a FINDING OF FACT may be construed as a CONCLUSION OF LAW and vice versa.

## JUDGMENT

THE COURT ORDERS THE FOLLOWING JUDGMENT:

Accordingly, it is

**ORDERED** that the Motion to Dismiss is **GRANTED,** it is further

**ORDERED** that David Wethy is prohibited from filing another bankruptcy petition under any chapter of the Bankruptcy Code, with any bankruptcy court, for a period of five years from the date of the entry of this order (the "**Bar Period**"); it is further

**ORDERED** that David Wethy, after the **Bar Period,** may file a bankruptcy only after paying in full the **Unpaid Filing Fees** and providing proof of payment to the Chapter 13 Trustee, who shall inform the Court; it is further

8

**ORDERED** that Zachery Warren is awarded a **JUDGMENT** in the amount of **$10,000** plus interest at the rate of SIX PERCENT per annum from the date of entry of this **ORDER** along with all state and federal rights of enforcement and collection against David Wethy

****END OF FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT****